UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA


RONALD NABOR                                      CIVIL ACTION

VERSUS                                            NO. 11-497

ST. JOHN PARISH CORRECTIONAL                      SECTION "A" (2)
CENTER ET AL.


## REPORT AND RECOMMENDATION

On January 21, 2011, plaintiff, Ronald Nabor, proceeding pro se and in forma pauperis, filed (2) two separate and independent complaints pursuant to 42 U.S.C. § 1983 in this court. The defendants in both separate lawsuits were the St. John the Baptist Parish Correctional Center and St. John Parish Sheriff Wayne Jones. The body of Nabor's two complaints are clear, however, that his separate lawsuits were based on two (2) distinct incidents occurring about a year apart.

In the captioned lawsuit pending in Section "A"(2), Nabor alleged that he was arrested on February 26, 2009 "for cutting another person who cut my left ear."  Record Doc. No. 3-2 (Complaint at p. 1).  He stated that the charge against him ultimately "was drop (sic)." Id.  He alleged, however, that on March 9, 2009, the morning he was going to court on that charge, he was pulled from his cell by "Mason" and thrown against the wall and onto the floor while he was handcuffed. He asserted that he was cut in the

incident and suffered injuries for which he is "going to the doctor . . . still as of today."
Id.

　　　In his other lawsuit filed that same day, C.A. No. 11-493 allotted to Section
"F"(5), Nabor alleged that almost a year later, on February 18, 2010, he was stopped by
a St. John Parish sheriff's deputy for a traffic violation and ultimately arrested on a false
charge of possession of  "a rock (cocaine)."  C.A. No. 11-493, Record Doc. No. 1-1
(Complaint). He alleged that on February 25, 2010, while incarcerated in the St. John the
Baptist Parish Correctional Center on that charge, he was attacked in jail by another
inmate, Gabriel King, who "hit me with [a] lock in a sock. . . The lock belong (sic) to the
St. John Parish Correctional Center."  Id.  Nabor claimed that he suffered serious injuries
in the attack, including the loss of an eye, a severed nerve in his eye socket and the loss
of his ability to smell. Id. His complaint in this separate lawsuit stated that he was
released from jail on March 8, 2010. Id.

　　　In the captioned lawsuit, I permitted Nabor to proceed in forma pauperis. In the
other lawsuit, his application to proceed in forma pauperis was denied by another
magistrate judge assigned to that case because Nabor had failed to provide complete
information about his income.  C.A. No. 11-493, Record Doc. No. 2.

　　　On May 9, 2011, defendant Jones filed a motion for summary judgment seeking
dismissal of the captioned lawsuit on grounds that the claims asserted in this case are

prescribed.  Record Doc. No. 13.  Specifically, defendant argued that Nabor's complaint in this case was based exclusively on an incident of alleged use of excessive force while he was incarcerated on March 9, 2009.  Defendant asserted that since Nabor had not filed suit concerning that incident until January 21, 2011, almost two (2) years after the date on which the incident occurred, his claims are barred by the applicable one-year statute of limitations.

In support of his motion, defendant attached as Exhibit "A" a certified copy of an excerpt from Nabor's inmate file from the St. John the Baptist Parish Correctional Center.  The certified exhibit is the report of Cpl. Phillip Mason concerning an incident between Mason and Nabor that occurred in the jail on March 9, 2009. The certified report states that on that date Deputy Mason "took [Nabor] to the ground" then "secured [him] against the wall" after Nabor allegedly threatened and assaulted Mason by grabbing and ripping the deputy's shirt and scratching his arms and chest.  Record Doc. No. 13-4 (Exhibit "A" to defendant's motion for summary judgment).

I ordered Nabor to file a written response to the motion, including "sworn affidavits and/or other verified materials sufficient to show that there is a material fact dispute precluding dismissal of this case" and then granted him additional time to do so. Record Doc. Nos. 14, 15.  On June 13, 2011, Nabor filed an untimely response to my order, Record Doc. No. 16, which I have nevertheless considered.  The response makes

absolutely no allegations concerning the March 9, 2009 incident upon which his complaint in this case was based. Instead, it makes allegations only concerning the later February 18, 2010 incident that was the subject of Nabor's other, separate lawsuit in this court, C.A. No. 11-493 "F"(5).

Defendant then filed a supplemental memorandum in support of his motion for summary judgment pointing out the deficiencies in and inapplicability of plaintiff's response. Record Doc. No. 19. Defendant is correct that Nabor, the party opposing summary judgment, has failed to controvert any of the material facts in defendant's motion papers, including defendant's statement of uncontested material facts, Record Doc. No. 13-2, which are supported by competent summary judgment evidence, and that Nabor has submitted no evidence of his own of any kind concerning the March 9, 2009, incident that is the sole basis of the captioned lawsuit.

"A party may move for summary judgment, identifying each claim or defense–or the part of each claim or defense–on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 was revised to "take effect on December 1, 2010, and shall govern in all proceedings thereafter commenced and, insofar as just and practicable, all proceedings then pending." Order of the Supreme Court of the United States (Apr. 28, 2010),

www.supremecourt.gov/orders/courtorders/frcv10.pdf.    Because "the standard for

granting summary judgment remains unchanged" by the revision, <u>Federal Civil Judicial</u>

<u>Procedure and Rules</u>, 2010 Amendments Advisory Committee Notes, at 265 (West 2010

rev. ed. pamph.) (hereafter "Advisory Committee Notes"), I find it just and practicable

to apply the revised Rule 56 in this proceeding.

Revised Rule 56 establishes new procedures for supporting factual positions:

(1)  A party asserting that a fact cannot be or is genuinely disputed must
support the assertion by:
(A) citing to particular parts of materials in the record,
including depositions, documents, electronically stored
information, affidavits or declarations, stipulations (including
those made for purposes of the motion only), admissions,
interrogatory answers, or other materials; or
(B) showing that the materials cited do not establish the
absence or presence of a genuine dispute, or that an adverse
party cannot produce admissible evidence to support the fact.
(2)  Objection That a Fact Is Not Supported by Admissible Evidence.  A
party may object that the material cited to support or dispute a fact cannot
be presented in a form that would be admissible in evidence.
(3)  Materials Not Cited.  The court need consider only the cited materials,
but it may consider other materials in the record.
(4)  Affidavits or Declarations.  An affidavit or declaration used to support
or oppose a motion must be made on personal knowledge, set out facts that
would be admissible in evidence, and show that the affiant or declarant is
competent to testify on the matters stated.

Fed. R. Civ. P. 56(c).

Thus, the moving party bears the initial burden of identifying those materials in

the record that it believes demonstrate the absence of a genuinely disputed material fact,

but it is not required to negate elements of the nonmoving party's case.  Capitol Indem.
Corp. v. United States, 452 F.3d 428, 430 (5th Cir. 2006) (citing Celotex Corp. v. Catrett,
477 U.S. 317, 323 (1986)).  "[A] party who does not have the trial burden of production
may rely on a showing that a party who does have the trial burden cannot produce
admissible evidence to carry its burden as to [a particular material] fact."  Advisory
Committee Notes, at 265.

A fact is "material" if its resolution in favor of one party might affect the outcome
of the action under governing law.  Anderson v. Liberty Lobby, 477 U.S. 242, 248
(1986).  No genuine dispute of material fact exists if a rational trier of fact could not find
for the nonmoving party based on the evidence presented.  Nat'l Ass'n of Gov't
Employees v. City Pub. Serv. Bd., 40 F.3d 698, 712 (5th Cir. 1994).

To withstand a properly supported motion, the nonmoving party who bears the
burden of proof at trial must cite to particular evidence in the record to support the
essential elements of its claim.  Id. (citing Celotex, 477 U.S. at 321-23).  "[A] complete
failure of proof concerning an essential element of the nonmoving party's case renders
all other facts immaterial."  Celotex, 477 U.S. at 323; accord Capitol Indem. Corp., 452
F.3d at 430. In addition, "[a]ll material facts in the moving party's statement [of
undisputed facts] will be deemed admitted, for purposes of the motion, unless
controverted in the opponent's statement."  Local Rule 56.2.

"Factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists." Edwards v. Your Credit, Inc., 148 F.3d 427, 432 (5th Cir. 1998); accord Murray v. Earle, 405 F.3d 278, 284 (5th Cir. 2005). "We do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Badon v. R J R Nabisco Inc., 224 F.3d 382, 394 (5th Cir. 2000) (quotation omitted) (emphasis in original). "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiff [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to support the complaint."'" Nat'l Ass'n of Gov't Employees, 40 F.3d at 713 (quoting Anderson, 477 U.S. at 249).

"Moreover, the nonmoving party's burden is not affected by the type of case; summary judgment is appropriate in any case where critical evidence is so weak or tenuous on an essential fact that it could not support a judgment in favor of the nonmovant." Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (quotation omitted) (emphasis in original); accord Duron v. Albertson's LLC, 560 F.3d 288, 291 (5th Cir. 2009).

Although Section 1983 has no statute of limitations, the Louisiana prescription statute is applicable to suits in federal court under Section 1983.

> Because there is no federal statute of limitations for § 1983 claims, the
> district court looks for comparison to the forum state's statute of limitations
> for personal injury claims.  In Louisiana, personal injury claims are
> governed by La. Civ. Code Art. 3492, which provides for a prescriptive
> period of one year from the date of injury or damage.

Duplessis v. City of New Orleans, No. 08-5149, 2009 WL 3460269, at *4 (E.D. La.

Oct. 26, 2009) (McNamara, J.) (citing Wallace v. Kato, 549 U.S. 384, 387 (2007);

Wilson v. Garcia, 471 U.S. 261, 275 (1985); Jacobsen v. Osborne, 133 F.3d 315, 319 (5th

Cir. 1998); Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994); Elzy v. Roberson, 868

F.2d 793, 794 (5th Cir. 1989)); accord James v. Branch, No. 07-7614, 2009 WL

4723139, at *10 (E.D. La. Dec. 1, 2009) (Duval, J.) (citations omitted).

Federal law determines when a Section 1983 claim accrues.  Jacobsen, 133 F.3d

at 319.

> For purposes of calculating the limitations period, a § 1983 cause of action
> accrues when the plaintiff knows or has reason to know of the injury which
> forms the basis of his action.  The Supreme Court has held that prescription
> begins to run at the point when "the plaintiff can file suit and obtain relief."

Duplessis, 2009 WL 3460269, at *5 (quoting Wallace v. Kato, 549 U.S. 384, 388 (2007))

(citing Jacobsen, 133 F.3d at 319; Gonzales v. Wyatt, 157 F.3d 1016, 1020 (5th Cir.

1998)); accord Dixon v. Cooper, 260 F. App'x 728, 729 (5th Cir. 2007); Piotrowski v.

City of Houston, 51 F.3d 512, 516 (5th Cir. 1995).  Determination of when plaintiff knew

or should have known of the existence of a possible cause of action has two factors:

"(1) [t]he existence of the injury; and (2) causation, that is, the connection between the injury and the defendant's actions."  Id.; accord Dixon, 260 F. App'x at 729.

In this lawsuit, as opposed to his separate complaint, plaintiff claims that he was injured when he was subjected to excessive force by Mason, a sheriff's deputy, on March 9, 2009. Defendant's proof establishes that Deputy Mason in fact used force involving Nabor on that date, although defendant asserts that the force used was reasonable and necessary.  The record establishes that plaintiff filed his application to proceed in forma pauperis concerning this lawsuit in this court on January 21, 2011, at a time when he was not incarcerated, Record Doc. No. 1.  He subsequently filed his complaint on March 14, 2011, again at a time when he was not incarcerated.  For purposes of the instant motion based upon prescription, the dates, as opposed to the extent of or reasons for the alleged use of force, are the material facts.

The date when the clerk of court receives the complaint, rather than the formal filing date, usually establishes the time of filing in forma pauperis complaints.  Martin v. Demma, 831 F.2d 69, 71 (5th Cir. 1987).  Since Nabor was not a prisoner at the relevant filing times, no "mailbox rule" applies. See United States v. Petty, 530 F.3d 361, 363 & n.1 (5th Cir. 2008); Stevenson v. Anderson, 139 F. App'x 603, 604 (5th Cir. 2005); Cooper v. Brookshire, 70 F.3d 377, 379 (5th Cir. 1995)(date when prison officials

receive complaint from prisoner in jail for delivery to the court is considered time of filing for limitations purposes).

In this case, the earliest possible date on which plaintiff's complaint might be considered to have been filed and this action commenced for limitations purposes was January 21, 2011, the date on which he filed his application to proceed in forma pauperis.

In addition to applying the forum state's statute of limitations, federal courts should give effect to any applicable tolling provisions provided by state law. Lopez-Vences, 74 F. App'x at 398; Clifford v. Gibbs, 298 F.3d 328, 333 (5th Cir. 2002); Gartrell, 981 F.2d at 257. The running of prescription under Louisiana law may be suspended or tolled for equitable reasons, which have been expressed in the civilian legal principle of contra non valentem. Under this theory, there are four situations in which the one-year prescriptive period for delictual actions will not run: (1) if there was some legal cause which prevented the courts or their officers from taking cognizance of or acting on the plaintiff's action, (2) if there was some condition coupled with the contract or connected proceeding which prevented the creditor from suing or acting, (3) if the debtor himself has done some act effectually to prevent the creditor from availing himself of his cause of action, and (4) if the cause of action is not known or reasonably knowable by the plaintiff, even though his ignorance is not induced by the defendant. Dominion Explor. & Prod. Inc. v. Waters, 972 So. 2d 350, 358 (La. App. 4th Cir. 2007) (citing

<u>Wimberly v. Gatch</u>, 635 So. 2d 206, 211 (La. 1994); <u>Plaquemines Parish Comm'n</u>

<u>Council v. Delta Dev. Co.</u>, 502 So. 2d 1034, 1054-55 (La. 1987)).

Thus, the "doctrine of contra non valentem recognizes that in limited circumstances prescription should not run if good cause exists as to why plaintiff would have been unable to exercise or was lulled into not exercising a cause of action when it first became exigible." <u>Pracht v. City of Shreveport</u>, 830 So. 2d 546, 551 (La. App. 2d Cir. 2002).

Plaintiff clearly knew of the alleged use of force against him by Deputy Mason and the injuries allegedly suffered in the incident on the day it occurred, March 9, 200<u>9</u>. No evidence and nothing in the complaint suggests otherwise. Under these circumstances, Nabor's claim in this case must be dismissed due to expiration of the one-year statute of limitations.

Plaintiff has not asserted any cause or condition that prompts application of the doctrine of contra non valentem. His complaint and defendant's evidence establish that, more than one year prior to his filing of the instant action, Nabor knew of defendants' allegedly unconstitutional use of force against him and the resulting injuries. The record establishes no condition that might have tolled the statute of limitations or upon which the doctrine of contra non valentem might be applied. In short, because plaintiff did not commence his claims of excessive force arising from the March 9, 200<u>9</u> incident

involving Deputy Mason within the required one-year limitations period after he knew or should have known of the alleged constitutional violations, these claims under Section 1983 are time-barred and must be dismissed.

The allegations in Nabor's written submission in opposition to the motion concerning the separate February 2010 incident in which he was injured during a separate incarceration as a result of attack by another inmate are immaterial and not properly asserted in this case. A prisoner's in forma pauperis complaint must be dismissed if it is found to be malicious. 28 U.S.C. § 1915(e)(2)(B)(i). Duplicative and repetitive lawsuits are malicious for purposes of Section 1915. Potts v. Texas, No. 08-41177, 2009 WL 3806073, at *1 (5th Cir. Nov. 13, 2009) (citing Pittman v. Moore, 980 F.2d 994, 994-95 (5th Cir. 1993); Bailey v. Johnson, 846 F.2d 1019, 1021 (5th Cir. 1988)); McBarron v. Federal Bureau of Prisons, 332 Fed. Appx. 961, 2009 WL 1659221, at *1 (5th Cir. June 15, 2009). A prisoner's in forma pauperis complaint which is malicious because it is duplicative or repetitive may be dismissed sua sponte at any time under 28 U.S.C. § 1915(e)(2)(B)(i).

In this case, the allegations contained in plaintiff's response to my order, Record Doc. No. 16, are not properly asserted because they are malicious and repetitive of the same claims asserted in C.A. No. 11-493 "F"(5). Potts, 2009 WL 3806073, at *1;

-12-

<u>McBarron v. Federal Bureau of Prisons</u>, 332 Fed. Appx. 961, 2009 WL 1659221, at *1;

<u>Pittman</u>, 980 F.2d at 994-95.

Nabor will not be permitted to circumvent another magistrate judge's denial of his application to proceed in forma pauperis in another lawsuit by merely including the same allegations in a response to a motion in this case, a separate lawsuit asserting wholly separate and unrelated claims.  To permit such a thing would be to allow duplicative, and therefore malicious, prohibited in forma pauperis filings.  If Nabor seeks to pursue relief concerning the February 2010 incident, as he has already attempted to do in a separate suit, he must petition the presiding judge in his other case concerning that claim to reconsider his application to proceed in forma pauperis and provide the information that judge found lacking in his prior application before her.

Finally, I note that plaintiff has named the St. John the Baptist Parish Correctional Center as a defendant in this matter in addition to movant, Sheriff Jones.  Neither the jail nor the sheriff, however, are proper defendants.  A prison or jail are not entities that can be sued under Section 1983 because they are not juridical entities under state law capable of being sued and/or because they are not "persons" for purposes of suit under Section 1983, as the statute and case law define that term.  <u>Cage v. Kent County Corr. Facility</u>, 113 F.3d 1234, 1997 WL 225647, at *1 (6th Cir. 1997);  <u>Johnson v. LCDC Med. Staff</u>, No. 4:09-cv-13, 2009 WL 1256906, at *2 (E.D. Tenn. Apr. 29, 2009); <u>Holifield v.</u>

Mobile County Sheriff's Dep't, No. 07-0321-CG-C, 2008 WL 2246961, at *5 (S.D. Ala. May 29, 2008); Cullen v. DuPage County, No. 99C1296, 1999 WL 1212570, *1 (N.D. Ill. Dec. 14, 1999); Whitley v. Westchester County Corr. Facility Admin., No. 97CIV0420(SS), 1997 WL 659100, at *6 (S.D.N.Y. Oct. 22, 1997); Sponsler v. Berks County Prison, No. 95-1136, 1995 WL 92370, at *1 (E.D. Pa. 1995); Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993).

Nabor makes no claim that Sheriff Jones was personally involved in any of the alleged acts or omissions upon which his claims are based. "There is no respondeat superior liability under section 1983." Eason v. Thaler, 73 F.3d 1322, 1327 (5th Cir. 1996); accord Field v. Corrections Corp., 364 F. App'x 927, 2010 WL 517679, at *1 (5th Cir. 2010); Cox v. Irby, 281 F. App'x 390, 391 (5th Cir. 2008); Kohler v. Englade, 470 F.3d 1104, 1114-15 (5th Cir. 2006). Thus, this defendant cannot be held liable under Section 1983 pursuant to a theory of respondeat superior simply because the persons allegedly responsible for plaintiff's injury, if any, were in his employ or under his supervision. Sanders v. English, 950 F.2d 1152, 1160 (5th Cir. 1992); Baskin v. Parker, 602 F.2d 1205, 1208 (5th Cir. 1979); Barksdale v. King, 699 F.2d 744, 746 (5th Cir. 1983).

To hold this defendant liable, plaintiff must establish either that he was "personally involved in the acts causing the deprivation of his constitutional rights or that

-14-

a causal connection exists between an act of [this defendant] . . . and the alleged constitutional violation." Douthit v. Jones, 641 F.2d 345, 346 (5th Cir. 1981); accord Cox, 281 F. App'x at 391 ; Kohler, 470 F.3d at 1115.  "It is facially evident that this test cannot be met if there is no underlying constitutional violation." Rios v. City of Del Rio, 444 F.3d 417, 425-26 (5th Cir. 2006) (citing Breaux v. City of Garland, 205 F.3d 150, 161 (5th Cir. 2000)).  In the instant action, plaintiff has failed to establish or even allege either that Sheriff Jones was personally involved in any acts causing the deprivation of his constitutional rights or that a causal connection exists between an act of this defendant and the alleged constitutional violation.

A supervisory official may be held liable for his subordinates' actions only if the official implemented an unconstitutional policy that causally resulted in plaintiff's injury. Monell v. Dep't of Social Servs., 436 U.S. 658, 691-95 (1978); Thompson v. Johnson, 348 F. App'x 919, 921 (5th Cir. 2009) (citing Mouille v. City of Live Oak, 977 F.2d 924, 929 (5th Cir. 1992)); Gates v. Texas Dep't of Protective & Regulatory Servs., 537 F.3d 404, 435 (5th Cir. 2008). Without alleging a particular custom, usage or policy for which the sheriff can be held constitutionally liable, plaintiff fails to state a claim for relief under Section 1983.  Monell, 436 U.S. at 691-95; Thompson, 348 F. App'x at 921-22; Mouille, 977 F.2d at 929. "To hold a supervisory official liable for the acts of a subordinate, Nabor must show that "(1) the supervisor either failed to supervise or train

the subordinate official; (2) a causal link exists between the failure to train or supervise and the violation of the plaintiff's rights; and (3) the failure to train or supervise amounts to deliberate indifference." Smith v. Brenoettsy, 158 F.3d 908, 911-12 (5th Cir.1998). No such showing or even allegations have been made in this case.

Even assuming, however, that plaintiff might name a proper defendant, including, for example, Deputy Mason, any attempt to do so would be futile and impermissible because Nabor's claims concerning the March 9, 2009 incident are barred by the applicable one-year statute of limitations, for the reasons discussed above.

## **RECOMMENDATION**

For all of the foregoing reasons, it is **RECOMMENDED** that defendant's motion for summary judgment be GRANTED and that plaintiff's complaint as a whole be **DISMISSED WITH PREJUDICE.**

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation within fourteen (14) days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object.  Douglass v.

-16-

<u>United Servs. Auto. Ass'n</u>, 79 F.3d 1415, 1430 (5th Cir. 1996) (en banc) (citing 28 U.S.C. § 636(b)(1)).[1]

New Orleans, Louisiana, this ___26th___ day of July, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE

---

[1]<u>Douglass</u> referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.